SAMUEL HOUSTON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The provisions of section 4 of the act to suppress gambling houses and gambling, approved June 7, 1887, making the finding of any implements commonly used in games of chance usually played in gambling houses, or by gamblers, *prima facie* evidence that the house or place where the same are found is kept for the purpose of gambling, does not have the effect to deprive a person charged with keeping and maintaining a room for the purpose of gambling, of the benefit and protection of the presumption of innocence which remains with every one on trial for crime as long as there is a reasonable doubt of his guilt.

2. The judge having failed to charge the jury that the law presumes every man innocent until he is proven guilty by proper evidence, and that if they had any reasonable doubt of the guilt of the dedefendant, arising from the evidence, they should acquit him, and having refused to instruct them in effect that the 4th section of the statute referred to above did not remove the presumption referred to, a new trial should be granted, as the jury may have withheld from the defendant the benefit of such presumption of innocence.

Writ of error to the Criminal Court of Record for Duval county.

The facts of the case are stated in the opinion and in the preceding case of Wooten vs. the State.

*Hartridge & Young* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MR. JUSTICE RANEY delivered the opinion of the court:

This is a writ of error to a judgment of the Criminal Court of Record of Duval county, the plaintiff in error having been convicted upon information charging him with

having unlawfully kept, exercised and maintained a room for the purpose of gaming.

The same instructions that were asked and refused in the case of Wooten vs. State, handed down with this [*supra*, p. 335] were presented and denied in this, and the same charges were given to the jury in this as were given in that, except that stated in the fourth subdivision of our opinion in the former case, to the effect that " the law presumes every man innocent until he is proven guilty by proper legal evidence, and if you have any reasonable doubt as to the guilt of the defendant, arising from the evidence, you shall acquit him." The effect of this charge as doing away with the necessity of giving the instruction set out in the fourth subdivision of that opinion, which was asked and refused, is fully explained. If it had not been given we should have granted a new trial in Wooten's case. There is nothing in the statute under which the information in these cases were filed that deprives a person charged under it of the benefit and protection of the presumption of innocence which remains with every one upon trial for crime as long as there is a reasonable doubt of his guilt. Whart. Cr. Ev., Secs. 322, 718. In the absence from the record in this case of the charge given in the other, we cannot but feel that the jury may, in view of the refusal of the Judge to give the instruction asked, have withheld from the plaintiff in error the benefit of the presumption in question, and have attributed to the fourth section of the statute an effect to which it is not entitled.

A new trial must be granted, and the opinion in the Wooten case is sufficient as to any point suggested by the record before us as likely to arise in this case upon a new trial.

The judgment is reversed and a new trial granted.